```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :
                              :
     v.                       : Crim. No. 3:19-cr-00176 (AWT)
                              :
MUSA HILL                     :
```

## ORDER DENYING SECOND MOTION FOR COMPASSIONATE RELEASE

For the reasons set forth below, the defendant's Emergency Motion for Compassionate Release Under the First Step Act (ECF No. 182) is hereby DENIED.

On June 29, 2020, defendant Musa Hill moved, pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i), for an order reducing his sentence to time served and converting the balance of the sentence to home confinement in the custody of his spouse. That motion stated that "Hill brings this motion due to not only the risks of the COVID-19 pandemic, but because of recurring health problems." First Motion (ECF No. 108) at 1. That motion was denied. Hill now brings a second, emergency motion for compassionate release. In the instant motion, Hill "moves for release as a result of his father's deteriorating medical condition, the harsh conditions of confinement he has endured as a result of the COVID-19 pandemic lockdowns, and his

extraordinary rehabilitation." Second Motion (ECF No. 182) at 1.

Section 3582(c)(1)(A) of Title 18 of the United States Code requires as an initial matter that

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). In making this determination the court should "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guidelines § 1B1.13, limits the district court's discretion." U.S. v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

The parties agree that the defendant has exhausted his administrative remedies. The parties disagree about whether he

2

has demonstrated that there are extraordinary and compelling reasons warranting a sentence reduction.  However, even assuming arguendo that extraordinary and compelling reasons that would support a sentence reduction are present here, the court concludes that the § 3553(a) factors weigh against reducing this defendant's sentence.

The court notes that in assuming arguendo that extraordinary and compelling circumstances are present here, the court does not accept as accurate all the plaintiff's characterizations of the facts.  For example, the court has its own understanding of the history of his relationship with his father and other family members, as reflected in the Presentence Report, and unlike many cases where there is a departure on the basis of extraordinary family circumstances, there is no prior history here of the defendant having provided support, etc., to the person to whom he would be released and for whom he proposes to serve as a primary caregiver.  Also, the government raises significant questions about each of the three factual bases advanced by the defendant in support of his motion.  However, a resolution of the dispute between the parties as to these issues would not be material to the court's analysis because that analysis with respect to the applicable § 3553(a) factors has not changed materially since December 7, 2020.

In denying the defendant's first motion for compassionate release, the court explained

> Moreover, the applicable § 3553(a) factors counsel against reduction of the defendant's sentence. The defendant was arrested on June 25, 2019 and detained. On March 4, 2020, he was sentenced to a term of imprisonment of 72 months to be followed by a four-year term of supervised release. At sentencing the court took note of the defendant's lengthy criminal history, which included seven drug offenses, and the fact that the defendant was a relatively sophisticated drug dealer who dealt large amounts of dangerous drugs. The Sentencing Guidelines calculation included a two-level enhancement for his role in the offense. The advisory range under the Sentencing Guidelines was 84 months to 105 months of imprisonment, based on a Total Offense Level of 25 and Criminal History IV. The court made a variance downward to impose the 72-month sentence but declined to impose the five-year mandatory minimum sentence requested by the defendant, explaining that a sentence below 72 months would not adequately serve the purposes of sentencing the court had concluded are most important in the defendant's case. Given the nature and circumstances of the defendant's offense and his history and characteristics (including now, his present circumstances), the court continues to be of the view that a sentence below 72 months would not adequately serve the purposes of sentencing that are important in this case.

Order (ECF No. 131) at 3-4.

In light of the arguments made by the defendant in support of the instant motion, it is appropriate to elaborate on some of the analysis set forth above. As noted, the defendant has a lengthy criminal history. Although he had nineteen prior convictions, his criminal history score was nine and his criminal history category was IV. As noted above, seven of the prior convictions were for drug offenses. While his defense

4

counsel argued at sentencing that he thought that "a Category II or Category III view of him is more appropriate than this," Tr. (ECF No. 132) 22:18, the court did not agree then and does not agree now with that assessment. As the government pointed out at sentencing,

> As Mr. Hill points out, he is older than many of the defendants who come before the Court for similar cases. Unfortunately, he still engaged in this conduct notwithstanding the fact he had the benefit of a significant amount of life experience. So while age is sometimes a marker or indicative of a lower degree of recidivism, that's not necessarily the case here, where in his mid-40s Mr. Hill is still on the street dealing drugs.

Id. 33:16-23. In fact, it is clearly not the case with respect to defendant Hill.

At sentencing the court explained, with respect to the purposes of sentencing:

> In your case I am most aware of the need to fashion a sentence that under all of the circumstances here constitutes just punishment and does not constitute an unwarranted sentence disparity with respect to defendants with similar records who've been convicted of similar conduct.

Id. 36:19-24. Moments earlier the court had explained with respect to just punishment that

> I must consider the need for the sentence imposed to provide just punishment for the offense. Part of the meaning of a just punishment is that it not be unduly different from sentences received by defendants with similar records who have been convicted of similar conduct.

Id. 35-36:25, 1-5.

The court explained that it saw "factors pointing in different directions" (Id. 37:2-3) and then proceeded to weigh those factors.  The court's view of the weight that should be afforded the additional factors advanced by the defendant in support of the instant motion is that they do not tip the balance in favor of a sentence of less than seventy-two months.

It is so ordered.

Signed this 9th day of June 2022 at Hartford, Connecticut.

                                          /s/AWT
                              Alvin W. Thompson
                      United States District Judge